IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

RUSSELL F. SHIPLEY,

        Petitioner,         Civil No. 09-595-AA

        v.        ORDER

BRIAN BELLEQUE,

        Respondent.

AIKEN, District Judge.

    Petitioner is in the custody of the Oregon Department of Corrections (ODOC) pursuant to a Judgment, dated October 23, 2002, from the Yamhill County Circuit Court, after convictions for two counts of Sexual Penetration in the First Degree, two counts of Attempted Rape in the First Degree, two counts of Attempted Sodomy in the First Degree, two counts of Rape in the First Degree and one count of Kidnapping in the Second Degree. Exhibit 101. After petitioner was convicted of these crimes, the court imposed various

1 - ORDER

concurrent and consecutive sentences totaling 310 months' imprisonment. *Id.*

Petitioner directly appealed his convictions, but the Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Exhibits 103 - 108.

Petitioner filed a Formal Petition for Post-Conviction Relief, Exhibit 109, but the Malheur County Circuit Court denied relief. Exhibit 122. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Exhibits 123 - 127.

Petitioner filed a Petition for habeas corpus relief under 28 U.S.C. § 2254 alleging four grounds for relief. Petition (#2) p. 5-10.

Respondent moves to deny relief and dismiss this proceeding on the grounds that all of petitioner's claims are "procedurally defaulted, because petitioner failed to present substantially similar claims before the Oregon Supreme Court." Response (#15) p. 2.

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

2 - ORDER

To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996); see also, Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005).

Furthermore, to properly exhaust a claim the petitioner must present the federal claim to the state courts in a procedural context in which the claims' merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1984; Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), cert. denied, 489 U.S. 1059 (1989).

Stated otherwise, each claim raised in a habeas petition must have been given one complete round of the state's appellate review process. O'Sullivan v. Boerckel, supra at 844-845, and the state courts must have had a full and fair opportunity to respond to any federal claim asserted by the petitioner. Keeney v. Tamayo-Reyes, supra at 10.

If a petitioner has failed to present a federal constitutional claim to the state's highest court (i.e., has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the

3 - ORDER

failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000), Coleman, 501 U.S. at 750; see also, Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if petitioners "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Prejudice exists only if petitioners show that the procedural default "worked to [petitioner's] actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. Id.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 329 (1995); Calderon v. Thompson, 523 U.S. 538, 559 (1998).

Petitioner alleges in Ground One that his trial attorney waived petitioner's right to testify without his consent. Petition (#2) p. 5. Petitioner alleged this claim in his Formal Petition for Post-Conviction Relief, Exhibit 109, p. 2-3, but he did not raise it in his PCR appeal, Exhibit 123, or his petition for review to the Oregon Supreme Court. Exhibit 125.

Petitioner alleges in Ground Two that "[p]etitioner's witnesses were not allowed to testify." Petition (#2) p. 7.

4 - ORDER

Petitioner further alleges that the "witnesses should have been supoeyed." (Sic) *Id.* Petitioner did not allege this claim in his PCR petition, or in his PCR appeals.

Petitioner alleges as Ground Three that his speedy trial rights were violated and in Ground Four that the "judge denied my motion to dismiss my attorney." Petition (#2) p. 9-10.

In Oregon, claims of trial court error must be raised by direct appeal to the Court of Appeals. Kellotat v. Cupp, 719 F.2d 1027, 1030 (9th Cir. 1983). Petitioner did not raise the claims alleged in Grounds Three or Four in his direct appeal of his convictions. *See*, Exhibits 103 and 104.

Petitioner is now barred under Oregon law from filing any additional appeals or PCR proceedings, and therefore cannot "fairly present" any additional claims to the Oregon state courts.[1] Thus he has procedurally defaulted his claims in this proceeding. Petitioner has not alleged any cause and prejudice for his procedural default or established that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement.

Based on all of the foregoing, petitioner's Petition (#2) is

---

[1] ORS 138 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register. ORS 138.650 requires PCR appeals to be filed within 30 days after the entry of final judgment. ORS 2.520 requires petitions for review to the Oregon Supreme Court to be filed within 35 days from the date of the Court of Appeals's decision. *See also*, ORAP 9.05(2) (same). Finally, ORS 138.550(3) provides that all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims not so asserted are deemed waived.

5 - ORDER

denied. This proceeding is dismissed.

### Certificate of Appealability

Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).

DATED this 9 day of November 2011.

_____
Ann Aiken
United States District Judge